**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| FREDERICK WESLEY,<br>　　　　Plaintiff,<br>v.<br>DALLAS INDEPENDENT SCHOOL DISTRICT,<br>　　　　Defendant. | )<br>)<br>)　Case No. 3-08-CV-2025-K<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for Pretrial Management. On December 15, 2008, Defendant Dallas Independent School District ("Defendant") filed a Motion to Dismiss for Plaintiff's Failure to State a Claim, or, in the alternative, Motion for More Definite Statement (dkt. #5). The time to respond has expired, and Plaintiff Frederick Wesley ("Plaintiff") failed to respond.

## Background

Plaintiff was employed by Defendant as a custodian at Tatum Elementary School from sometime in 2006 until May 2008. At that time, Defendant terminated him from employment after two levels of internal grievance hearings. Plaintiff filed a charge of race discrimination and retaliation with the Texas Workforce Commission Civil Rights Division. (App. 0005.) The charge was presented to the EEOC which investigated it and entered a "Dismissal and Notice of Rights" on August 11, 2008, notifying Plaintiff of his right to sue within 90 days of his receipt of the notice. (App. 0001.) Plaintiff filed this action on November 12, 2008, alleging that Defendant discriminated against him due to his disability in violation of the Americans with Disabilities Act ("ADA") and discriminated against him and retaliated against him because of his race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) ("Title VII").

Defendant contends that pursuant to FED. R. CIV. P. l2(b)(6) and FED. R. CIV. P. 8(a)(2), the Court should dismiss Plaintiff's Complaint.

**Standard of Review**

Motions to dismiss based upon Rule 12(b)(6) are disfavored and should be granted only infrequently. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When determining whether dismissal is proper under Rule 12(b)(6), courts must take as true all facts pleaded in the complaint and must liberally construe the complaint in favor of the plaintiff. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Further, in order to survive a 12(b)(6) motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true, even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, although plaintiff is not required to provide detailed factual allegations, the complaint must go beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

**Exhaustion of Administrative Remedies**

The Fifth Circuit Court of Appeals requires that an employee comply with the ADA's administrative prerequisites prior to commencing an action in federal court against his employer for violation of the ADA. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-789 (5th Cir. 1996).[1] The

---

[1] Other courts also require exhaustion of administrative remedies under the ADA. *See Stewart v. County of Brown*, 86 F.3d 107, 110 (7th Cir. 1996) ("In order to recover for violations of Title I of the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged violation (if he does not file an initial charge with a state agency)"); *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n. 3 (8th Cir. 1996) (noting that ADA incorporates by reference the powers, remedies, and procedures set forth in Title VII, which requires employees claiming discrimination to file a charge with the appropriate administrative

ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, *et seq.* It provides:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this subchapter.

42 U.S.C. § 12117(a). Section 2000e-5(e)(1) provides that, before a plaintiff can commence a civil action under Title VII in federal court, he must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see, e.g., Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) (although filing of EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court"). A civil action must be commenced "within ninety days" after the charging party has received a "right-to-sue" letter from the EEOC or state or local agency. 42 U.S.C. § 2000e-5(f)(1); *see Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980). A Title VII action (and hence an ADA action) is limited in scope to the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *Young v. City of Houston, Tex.,* 906

---

agency, and bars suits until the employee has received a right-to-sue letter); *Luna v. Walgreens*, 888 F.Supp. 87, 88 (N.D.Ill. 1995) (filing discrimination charge with EEOC is condition precedent to filing ADA action in federal court); *Bishop v. Okidata, Inc.,* 864 F.Supp. 416, 424 (D.N.J.1994) (procedure of filing charge with EEOC and receiving right-to-sue letter before bringing an ADA action is not jurisdictional, but plaintiff "must exhaust these administrative remedies before suing in federal court"); *Osborn v. E.J. Brach, Inc.*, 864 F.Supp. 56, 58 (N.D.Ill. 1994) (before filing ADA action against employer, employee must file timely EEOC charge and receive right-to-sue letter); *James v. Texas Dept. of Human Services*, 818 F.Supp. 987, 990 (N.D.Tex. 1993) (ADA plaintiff's administrative remedies will be deemed exhausted upon her receipt of right-to-sue letter from Texas Human Rights Commission and submission of letter to court).

F.2d 177, 179 (5th Cir. 1990) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

**<u>Failure to Exhaust Administrative Remedies under the ADA</u>**

Defendant contends that Plaintiff's claim under the ADA should be dismissed for failure to state a claim because Defendant failed to exhaust his administrative remedies under the ADA. Plaintiff filed only one charge with the Texas Workforce Commission Civil Rights Division, and that charge was for race discrimination and retaliation. (App. 0005.) The EEOC investigated that charge and issue a right-to-sue letter. (App. 0001.) Taking Plaintiff's allegations most favorably to Plaintiff, and considering that Plaintiff's action is limited in scope to the EEOC investigation that could reasonably have been expected to have grown out of the charge of race discrimination and retaliation, Plaintiff failed to assert a verified charge of discrimination based on his disability. Accordingly, he failed to exhaust his administrative remedies for his ADA claim. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d at 466. His claim under the ADA was not included in the charge and was not investigated by the EEOC.

The Court finds that Plaintiff's ADA claim should be dismissed for failure to exhaust his administrative remedies with respect to that claim. Accordingly, Defendant's 12(b)(6) motion should be granted in part.[2]

Taking the facts most favorably to Plaintiff, he exhausted his remedies on his race discrimination and retaliation claim and Defendant's motion to dismiss his race discrimination and retaliation claim should not be dismissed for failure to exhaust administrative remedies. Accordingly, Defendant's motion to dismiss for failure to exhaust administrative remedies with respect to Plaintiff's race discrimination claim should be denied.

---

[2] The Court need not consider Defendant's contention that Plaintiff's allegations fail to state a claim under the ADA because Plaintiff has failed to meet the prerequisite of exhausting his administrative remedies.

## **Dismissal for Failure to State a Claim**

Defendant contends that Plaintiff fails to state a claim for racial discrimination and retaliation. Plaintiff's allegations, which are taken as true for purposes of the motion to dismiss, follow:

Defendant hired Plaintiff over fourteen years ago. He resigned twice and returned twice. The last time he returned, in 2006, Defendant hired him as a custodian at Tatum Elementary School, a DISD facitlity. The school had a custodial staff of two African Americans and three Hispanics. The custodial staff was supervised by a Mr. Hernandez, a person of Hispanic descent. Work assignments were made by race, with the African Americans paired together and the Hispanics paired together. Plaintiff and another African American with whom he was paired were assigned more than thirty rooms to clean daily, while Hispanic workers were assigned only ten to fifteen rooms to clean daily. Defendant also treated the African American employees differently than the Hispanic employees with respect to discipline. Plaintiff's supervisor continued to add custodial assignments to Plaintiff's workload. Plaintiff complained to the Tatum principal about the disparate treatment in workload, partner assignment, and discipline, to no avail. Frequently, Plaintiff asked to be transferred to other facilities, but Defendant routinely denied all his requests. Plaintiff took medical leave from February 2007 to March 2008. When he returned to full-time work, on light duty, he was assigned as a roving worker. Two months later, he was placed on administrative leave without pay. After two levels of internal DISD grievances, Plaintiff was terminated.

Plaintiff alleges that Defendant willfully, intentionally, and arbitrarily denied him due process during the grievance hearings and determined that he had not been subject to racial discrimination. He alleges that Defendant discriminated against him by refusing to properly

investigate Plaintiff's claim and ratifying and condoning the discriminatory practices of its supervisors and management. Plaintiff alleges that Defendant's race violations directly caused a loss of wage-earning capacity, physical and mental complications, loss of vacation time and retirement benefits, and caused damage to his reputation as an employee. Plaintiff alleges that Defendant performed unlawful employment practices under Title VII by intentionally discriminating against him with respect to his compensation, terms, conditions, or privileges of employment because of his race. He contends the employment practices were intentional and constituted unlawful discrimination under 42 U.S.C. §§ 2000-2(a)1 and 42 U.S.C. Chapter 26. He requests a jury trial.

Defendant contends that because Plaintiff's EEOC charge lists several non-discriminatory reasons for his discharge, he fails to state a claim for race discrimination and retaliation. Defendant's listing of the reasons Defendant gave for his discharge does not preclude this cause of action. The EEOC issued Plaintiff notice of his right to sue. Plaintiff is proceeding pursuant to his right to bring an action in this court.

Additionally, Defendant's dismissal motion is based upon deficiencies in the Complaint. When a plaintiff proceeds *pro se*, the Court should construe the complaint liberally with all well-pleaded allegations taken as true. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Given the liberal construction which this Court must afford to pleadings filed *pro se*, this Court is unable to state with legal certainty that Plaintiff can present no facts in support of his claim for racial discrimination and retaliation against Defendant that would entitle him to relief. Accordingly, Defendant's 12(b)(6) motion to dismiss Plaintiff's claims of racial discrimination and retaliation should be denied.

**Whether the District Court Should Require Plaintiff to Amend his Complaint**

Alternatively to dismissal, Defendant requests the Court to order Plaintiff to amend his complaint to plead facts with particularity. Generally, courts disfavor motions for a more definite statement. *Russell v. Grace Presbyterian Village*, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (Solis, J.) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (2d ed. 1990)). Trial courts have discretion in deciding whether to grant a motion for a more definite statement. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.1959). In deciding a motion for more definite statement under Rule 12(e), a court should determine whether the moving party can reasonably be required to frame a responsive pleading or whether the complaint is too vague for him to do so. *Id.* When a defendant is complaining of matters that can be clarified and developed during discovery, a more definite statement is not warranted. *Id.* at 132. Although Defendant contends that Plaintiff's complaint is so vague that it cannot reasonably be required to frame a responsive pleading, this Court's review of the complaint shows that a responsive pleading can be filed, with the facts being developed during discovery. Accordingly, Defendant's alternative motion for More Definite Statement should be denied.

## **Recommendation**

The Court recommends that the District Court grant Defendant's Motion to Dismiss in part and deny it in part. The District Court should dismiss Plaintiff's ADA claim for failure to exhaust administrative remedies and deny the motion in all other particulars.

IT IS SO RECOMMENDED, January 14, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE